IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:20-cv-0330-GCM

| | |
|---|---|
| DEBORAH FRANKLIN, Administrator of the Estate of DANQUIRS FRANKLIN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHARLOTTE, and WENDE KERL, individual and officially, <br><br> Defendants. | CONSENT PROTECTIVE ORDER |

THIS MATTER is before the Court upon the consent motion of the parties for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties have already exchanged some information pertaining to the shooting death that is the subject of this action though an administrative appeal to the City's Citizens Review Board. The parties wish to rely upon that exchanged information and maintain its confidentiality in the course of discovery. Much of that information is governed by N.C. Gen. Stat. § 160A-168, N.C. Gen. Stat. § 132-1.4, and N.C. Gen. Stat. § 132-1.4A, including certain employee personnel records and records of criminal and internal investigations that, pursuant to those statutes, the City of Charlotte is required to maintain as confidential but may be made available by order of a court. Plaintiff's counsel believes that additional information not yet provided will also be covered by these statutes; and, certain personal information of Plaintiff, including medical records and financial records, should remain confidential in discovery.

In order that the litigation of this matter may proceed, the parties agree that the confidential information and documents that have been or may be exchanged should and will remain subject to protections contained in this Order.

It is hereby stipulated and agreed, by and between the parties to this action and their respective counsel, that certain documents and information already exchange or to be requested by the parties in oral and written discovery in this action may contain confidential personnel, financial, commercial, personal or business information, which should be protected from unauthorized disclosure. Accordingly, the discovery of certain confidential documents and information shall be conducted pursuant to the following terms, conditions, restrictions and procedures of this Consent Protective Order.

It is hereby ordered that, pursuant to N.C. Gen. Stat. § 160A-168, N.C. Gen. Stat. § 132-1.4, and N.C. Gen. Stat. § 132-1.4A, that any documents and information governed by the above listed statutes or similar statutes, regulations or ordinances that the parties agree apply, and any other sensitive, confidential information shall be had only upon the following terms and conditions:

1. All information and documents produced and identified by either party as containing confidential information and designated as CONFIDENTIAL in accordance with this Consent Protective Order shall be treated as confidential and not disseminated or further disclosed except in accordance with this Consent Protective Order and within the course of this proceeding and any subsequent appellate proceedings.

2. Either party may designate information, documents or things which it believes is subject to the confidentiality protections under this Order by placing on the face of such material the word "CONFIDENTIAL", or by otherwise notifying the non-disclosing party's counsel in writing

and specifically identifying the documents or information that it maintains is CONFIDENTIAL.

3. Any documents and information produced in the Citizens Review Board proceeding is deemed CONFIDENTIAL without regard to any marking of those documents.

4. A party may disclose confidential information designated as confidential pursuant to this Consent Protective Order only to

    a. The Court and its staff;

    b. The parties and their counsel;

    c. Staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;

    d. Consultants or experts retained or who may be retained for litigation purposes;

    e. Witnesses or prospective witnesses for discovery, trial preparation, or trial purposes;

    f. Court reporters employed for the purpose of taking depositions; and

5. Before any fact witness is provided any confidential information or shown and confidential documents, her or she shall execute the form attached as Exhibit A. The disclosing party shall maintain a copy of Exhibit A executed by that witness and shall include it as an exhibit in any witness deposition.

6. Counsel for the parties shall keep a record of all person to whom disclosures are made and shall retain all disclosure forms signed by those persons.

7. The Defendants contend that within sixty (60) days of the final disposition of this action, all confidential information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) that are not part of the court record or otherwise public record as defined by law shall be returned to the party that provided the materials and that no party shall be permitted to retain a physical or electronic copy of material previously provided or provided pursuant to this order unless such materials were made part of the court record or the Designating Party consents. No party shall be permitted to retain personnel information as defined by N. C. Gen Stat.§ 160A-168 unless such materials were made part of the court record or the subject employee consents. Counsel may, however, may maintain a confidential file to comply with State Bar rules.

8. The parties agree that the ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation and that the terms of this order shall remain in full force and effect until such further order is entered.

9. Documents and information designated as CONFIDENTIAL may be utilized in the taking of depositions taken in the course of litigation. Either during the course of the deposition, or within fifteen (15) days of receipt of the transcript of a deposition, either party shall notify the other party as to any pages or portions of the deposition transcript that should be deemed confidential and subject to the terms of this Order.

10. In the event either party disputes the designation of information or documents as CONFIDENTIAL, counsel for the disputing party shall notify the designating party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall

confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed designation.

11. The party maintaining that the information or documents are confidential shall bear the burden to show that the information or documents are entitled to continued protection under the Order. During the pendency of such dispute or application and until the Court may rule otherwise, the information designated as CONFIDENTIAL shall remain subject to the designations and restrictions of this Order. Within ten (10) calendar days of the receipt of notice from the non-designating party's counsel that a CONFIDENTIAL designation is disputed, counsel for either party may apply to the Court for a ruling on the designation. The information shall be deemed "confidential information" until the parties either agree to its re-designation or the Court decides that the designated information is not confidential information.

12. The production by either party of confidential information and documents pursuant to the terms of this Order shall not and does waive or prejudice the right of either party to object to the admissibility of the documents of information on other grounds; and the production of such information or documents shall not be considered a waiver of any objection to admissibility at summary judgement or at the trial of this action.

13. When a party seeks to file CONFIDENTIAL information or documents, including confidential portions of any transcript, the party shall submit such materials to the Court under seal and submit a short motion explaining the basis for sealing. The filing shall remain sealed pending resolution of the motion. If filed physically, the material shall be submitted in a sealed envelope or other appropriately sealed contained with the outsider or covering endorsed with

the title of this action and a statement to the effect that the pages or document is "**Filed Under Seal Pursuant to Protective Order.**"

14. The production by either party of confidential information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the admissibility of the documents or information on other grounds; and the production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

15. The handling of information designated as CONFIDENTIAL at summary judgment or at trial shall be a matter addressed by the Court in a summary judgment order or at the final pre-trial conference. Parties may move to file under seal documents in support of or in opposition to summary judgment and the Court will determine whether the documents should remain sealed.

16. Nothing in this Order shall require disclosure of material which a party contends is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other valid objection.

17. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Materials to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify the Designating Party of the unauthorized disclosure(s) in writing; (b) use its best efforts to retrieve all copies of the Protected Materials; (c) promptly inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) request that the person or persons to whom unauthorized disclosures were made destroy any information, materials

or documents not otherwise returned as well as any copies made thereof.

18. If counsel for any party receives notice of any subpoena (or other compulsory process) commanding production of Confidential information that a party has obtained under the terms of this Protective Order, counsel for such party shall within two (2) days if there are fewer than ten (10) days to comply with the subpoena, or, within seven (7) days if there are more than ten (10) days to comply with the subpoena, notify the Designating Party in writing about the subpoena, and shall not produce the Confidential information, until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance with the subpoena.

19. This Order does not apply to any documents or information already in the public domain or which is deemed to be a "matter of public record" pursuant to N.C. Gen. Stat. §160A-168 or N.C. Gen. Stat. § 132-1.4.

20. This Order shall not prevent either party from applying to the Court for relief, or from applying to the Court for additional protective orders, or from the parties agreeing among themselves to the modify this protective order subject to the approval of the Court.

21. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designated such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation,

prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

22. This Order may be modified only upon further order of this Court.

Signed: March 10, 2021

Graham C. Mullen
United States District Judge

By Consent:
/s/ S. Luke Largess
S. Luke Largess
Tin Fulton Walker and Owen
llargess@tinfulton.com
*Counsel for Plaintiff*

/s/ Roger McCalman
Roger McCalman
Charlotte City Attorney's Office
Email: Roger.McCalman@cmpd.org
*Counsel for Defendant City of Charlotte*

/s/ Clarence Matherson Jr.
Clarence Matherson Jr.
Charlotte City Attorney's Office
Clarence.Matherson@ci.charlotte.nc.us
*Counsel for Defendant City of Charlotte*

/s/ Lori R. Keeton
Lori R. Keeton
Law Offices of Lori Keeton
lkeeton@lorikeetonlaw.com
*Counsel for Defendant Wende Kerl*