IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00330-GCM

DEBORAH FRANKLIN,

    Plaintiff,

v.

CITY OF CHARLOTTE,
WENDE KERL,

    Defendants.

ORDER

**THIS MATTER** is before the Court on the Defendants' Motion to Seal (ECF No. 17). The Court requested additional briefing on the motion (ECF No. 28), which the parties provided (ECF No. 34, 36, 40). The matter is now ripe for disposition. For reasons discussed below, the Court will deny the Defendants' motion in full.

    I.    BACKGROUND

This case relates to a police shooting in Charlotte, North Carolina. Danquirs Franklin was shot and killed in 2019 by Charlotte-Mecklenburg Police Officer Wende Kerl. Franklin's mother, Deborah Franklin, filed a lawsuit against Kerl and the City of Charlotte, alleging federal constitutional and state tort claims. The parties entered into a Consent Protective Order (ECF No. 12) governing the use of discovery materials. The parties agreed that many items exchanged in discovery were confidential under state law. ECF No. 12 at 1; *see* N.C. Gen. Stat. §§ 132-1.4, 132-1.4A, 160A-168.

All three parties moved for summary judgment. Along with their motions, the Defendants filed a joint motion to seal. Plaintiff also filed a motion to seal, but argued that "Counsel does not believe any of these listed documents warrants sealing," and that "any documents relied upon by

the Court at summary judgment should, in Plaintiff's view, automatically become public record and be unsealed at that time." ECF No. 23 at 1. Plaintiff offered to withdraw her motion and confirmed that she "does not believe that any documents warrant sealing at this stage." ECF No. 40 at 1 n.1. The Court denied that motion by separate order, concluding that it had been constructively withdrawn.[1] ECF No. 41.

Only the Defendants' joint motion to seal (ECF No. 17) remains before the Court. The motion was subsequently modified by the agreement of the parties. After the Court directed additional briefing on the matter of sealing, the parties agreed that all deposition testimony, the expert report of Chad Thompson, and Real Time Crime Center (RTCC) footage should be unsealed. *See* ECF No. 34 at 2. Insofar as those exhibits are concerned, the Court will DENY the Defendants' Motion to Seal. *See* ECF No. 25-3, 25-5, 25-9, Defs.' Ex. 24.

The following exhibits are before the Court on the Defendants' motion to seal:

| Description | CM/ECF | Label |
|---|---|---|
| CMPD Interview with Timothy Grier (Video and Transcript) | ECF No. 25-1 | Defendants' Exhibits 6, 22 |
| SRB Transcript: Officer Kerl | ECF No. 25-2 | Defendants' Exhibit 11 |
| SRB Transcript: Officer Deal | ECF No. 25-4 | Defendants' Exhibit 14 |
| IA Synopsis of Shooting | ECF No. 25-6 | Defendants' Exhibit 16 |
| IA Decision (Letter to Deborah Franklin) | ECF No. 25-7 | Defendants' Exhibit 17 |
| Officer Kerl's Training Records | ECF No. 25-8 | Defendants' Exhibit 18 |
| CMPD Interview with Wende Kerl (Video) | N/A | Defendants' Exhibit 23 |
| SRB Determination | ECF No. 25-10 | Defendants' Exhibit 25 |

### II. DISCUSSION

---

[1] The Court held the unsealing of the Plaintiff's exhibits in abeyance pending resolution of this motion. ECF No. 41 at 2. Those exhibits will now be unsealed along with the records filed under seal by the Defendants.

### a. Legal Standard

The public has a presumptive right of access to judicial records and documents. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). As a result, materials in this Court are normally filed unsealed. *See* Local Civil Rule 6.1(a). No materials may be kept under seal except by a Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order. *Id.* (b).

There are two sources of the presumptive right of access to judicial records: common law and the First Amendment. The common law right sweeps broadly to "all judicial records and documents." *See Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). By contrast, the First Amendment right of access only extends to particular judicial records and documents. *Id.* The standard for considering whether the presumption of access can be displaced depends on whether the record at issue is accessible via the common law, or the First Amendment. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

At common law, the presumption of access could be displaced in "unusual circumstances" via the application of a balancing test. *Id.* at 576. When "countervailing interests heavily outweigh the public interests in access," a party may overcome the presumption of access on a motion to seal. *Rushford*, 846 F.2d at 253. By contrast, the First Amendment right of access applies unless there is a compelling government interest, and the denial of the right of access is narrowly tailored to serve that interest. *Id.* Additionally, the burden of overcoming a First Amendment right of access rests on the party seeking to restrict access. *Va. Dep't of State Police*, 386 F.3d at 575. The party must present specific reasons in support of its position—conclusory assertions will not do. *Id.* (citing *Press-Enterprise v. Superior Court*, 478 U.S. 1 (1986)).

When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. *Id.* at 576. First, the Court must determine the source of the right of access with respect to each document. *Id*. Next, the Court must (1) give the public notice of the request to seal and a reasonable opportunity to challenge the request; (2) consider less drastic alternatives to sealing; and (3) state the reasons for sealing, specific supporting findings, and the reasons for rejecting alternatives to sealing. *Id.*

In this case, the motions to seal are for exhibits submitted in support of cross-motions for summary judgment. The Fourth Circuit has ruled that the more rigorous First Amendment standard applies at summary judgment, reasoning that summary judgment "serves as a substitute for a trial." *Rushford*, 846 F.3d at 252–53. As a result, the Court may only grant a motion to seal upon a particularized showing by the movant that there is a compelling government interest, and that the denial of the right of access is narrowly tailored to serve that interest.

The Court has given the public notice of the requests to seal and a reasonable opportunity to challenge the requests. The motions to seal were filed on September 1, 2021. They have been publicly available via PACER,[2] and no nonparty entity has sought to challenge the motions. The Court now considers each of the documents to be sealed. In so doing, the Court applies the First Amendment standard, considers less drastic alternatives to sealing, and states the reasons for its conclusions as to each exhibit.

    **b. Documents Sought to Be Sealed**

        **i. CMPD Interview Transcript and Video of Burger King Passenger**

---

[2] PACER stands for Public Access to Court Electronic Records.

Defendants move to seal the video and transcript of a police interview with a witness to the shooting. *See* ECF No. 25-1, Defs.' Ex. 22.[3] The witness was seated in a vehicle next to Danquirs Franklin, and observed the entire shooting unfold.

At the outset, the Court notes that Franklin's mother previously filed the interview transcript on the docket in a filing not made under seal. *See* ECF No. 22-8. Defendants have not objected to that filing. Nevertheless, they argue that both the transcript and the video are statutorily-protected records of a criminal investigation under N.C. Gen. Stat. § 132-1.4. The Court agrees that both exhibits are records of a criminal investigation. However, the statute provides that such records "may be released by order of a court of competent jurisdiction." N.C. Gen. Stat. § 132-1.4(a).

Defendants do not claim that this Court lacks jurisdiction to release the court records. Nor do Defendants claim that disclosure is narrowly tailored to a particularized and compelling government interest. Instead, they argue that the Court should continue to give effect to the Consent Protective Order (ECF No. 12) imposed during discovery. The Court may not do so, because dispositive motions put protected documents on a "wholly different footing." *See Va. Dep't of State Police*, 386 F.3d at 576; *Rushford*, 846 F.2d at 252–53. Although there are instances in which protected discovery materials may be kept under seal even after they are made part of a dispositive motion, Defendants have failed to meet their burden of showing that this is one of those instances. *See Rushford*, 846 F.2d at 253. The Court will deny the motion to seal insofar as these exhibits are concerned.

### ii. SRB Transcript Hearing for Officer Kerl

---

[3] This exhibit was submitted via electronic storage media.

5

Case 3:20-cv-00330-GCM   Document 42   Filed 11/19/21   Page 5 of 8

Defendants next move to seal a transcript of an internal police hearing for Officer Kerl, arguing that the exhibit is a personnel record protected under N.C. Gen. Stat. § 160A-168. *See* ECF No. 24-6, 25-2. The Court agrees that this is a personnel record, but it does not follow that it must therefore be sealed. *See* N.C. Gen. Stat. § 160A-168(c)(4) (permitting inspection of employee records upon the order of a court of competent jurisdiction); *see also Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *9–11 (E.D.N.C. Dec. 11, 2014) (rejecting motion to seal in part despite assumption that documents qualified as personnel records under North Carolina law). Defendants have not raised any argument sufficient to displace the First Amendment right of access. The Court will deny the motion to seal insofar as it relates to this exhibit.

### iii. SRB Transcript Hearing for Officer Deal

Defendants also move to seal a transcript of an internal police hearing for Officer Deal. ECF No. 25-4. For the same reasons that the Court denied sealing of the hearing transcript for Officer Kerl, the Court will deny the motion as it relates to this exhibit.

### iv. Internal Affairs Report on Shooting

The next document at issue is a memorandum prepared by CMPD's Internal Affairs Bureau. ECF No. 25-6. It details the administrative investigation related to the shooting, summarizes witness statements, synopsizes the events at issue, and lists relevant exhibits.

Defendants argue that the Internal Affairs report is a personnel record under N.C. Gen. Stat. § 160A-168. The Court agrees that it is indeed a personnel record. Once again, however, Defendants have not presented any specific reasons why the record should remain sealed at the summary judgment stage. Because Defendants have not carried their burden of displacing the First Amendment right of access to court records, the motion as it relates to this exhibit is denied.

### v. CMPD Letter to Deborah Franklin

Defendants next move to seal a letter from Chief Kerr Putney to Deborah Franklin. ECF No. 25-7. The letter informed Franklin's mother that the shooting had been deemed justified by the CMPD Independent Shooting Review Board, and included a brief summary of the department's findings. Defendants argue that this letter is a personnel record under N.C. Gen. Stat. § 160A-168.

Assuming without deciding that the record meets the definition of a personnel record, Defendants have not identified any particularized reasons why the First Amendment right of access should be displaced. The motion as it relates to this exhibit is denied.

### vi. Officer Kerl's Training Records

The next exhibit at issue is Officer Kerl's training record. ECF No. 25-8. The document catalogs the training that Officer Kerl has received in her extensive career with CMPD. Although the Court recognizes that this, too, is a personnel record (and although Plaintiff does not oppose sealing the record), "a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Va. Dep't of State Police*, 386 F.3d at 575 (citation omitted). Because Defendants have not advanced any evidence of a compelling government interest, the motion is denied as to this exhibit.

### vii. Video of CMPD Interview with Officer Kerl

Next is a video of CMPD homicide investigators' interview with Officer Kerl. Defs.' Ex. 23.[4] The video is covered under N.C. Gen. Stat. § 132-1.4, which provides that records of criminal investigations are not public records. However, as discussed earlier, such records "may be released by order of a court of competent jurisdiction." N.C. Gen. Stat § 132-1.4(a).

---

[4] The parties appear to have omitted mention of this exhibit in their briefing on the issue.

Here, Defendants have not raised any arguments sufficient to displace the First Amendment presumption of access to this record at the summary judgment stage. The motion as it relates to this video is denied.

### viii. SRB Determination

Finally, Defendants seek to seal a one-page document containing CMPD's official determination that the shooting was justified. ECF 25-10. They argue that the document is a personnel record under N.C. Gen. Stat. § 160A-168. The Court agrees that the document is a personnel record, but denies the motion to seal because the First Amendment presumption of access has not been displaced.

## III. ORDER

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Seal (ECF No. 17) is **DENIED**. The Clerk is directed to **UNSEAL** the documents previously filed under seal (ECF No. 24 & 25).

**SO ORDERED.**

Signed: November 19, 2021

Graham C. Mullen
United States District Judge