IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:20-cv-0330-GCM

DEBORAH FRANKLIN,
Administrator of the Estate of
DANQUIRS FRANKLIN,

              Plaintiff,

v.

CITY OF CHARLOTTE, and
WENDE KERL, individual and officially,

              Defendants.

**ORDER**

This matter comes before the Court on Deborah Franklin's Motion for Creation of Trust, which has been filed in conjunction with the parties' Joint Motion for Approval of Settlement. Based on the record before the Court, the Court makes the following findings of fact:

1. S.L. is a citizen and resident of North Carolina.

2. S.L. is a minor.

3. S.L. has one living parent, Ariel Lee.

4. S.L.'s other parent was Danquirs Franklin. Mr. Franklin was a resident of North Carolina and died in North Carolina.

5. S.L. is entitled to certain monetary amounts (both now and pursuant to certain future periodic payments) by virtue of the settlement of the claims in this action related to Mr. Franklin's death ("Settlement Proceeds").

1

6. If the Settlement Proceeds were paid directly to S.L., they would be subject to a guardianship while S.L. is a minor, and S.L. would receive the Settlement Proceeds outright once she reaches the age of majority. S.L. would also become ineligible for Medicaid benefits under North Carolina's program.

7. Administration of the Settlement Proceeds through a guardianship would be inefficient due to the court costs, bond costs, attorney's fees, and necessary filings associated with distributions during a guardianship. Further, a guardianship would terminate upon S.L.'s eighteenth birthday, giving her immediate access to all of the remaining Settlement Proceeds at that young age.

8. Also, the loss of Medicaid benefits would be contrary to S.L.'s best interests, because her surviving parent has limited income and resources to afford health insurance or out-of-pocket medical care for her.

9. Administration of the Settlement Proceeds through a trust will have several benefits and be in S.L.'s best interests. A trust will avoid the inefficiencies and costs of a guardianship, provide professional administration and investment of the Settlement Proceeds and trust assets at modest expense, allow for efficient and considered distribution of funds from the trust for S.L.'s benefit at any time during the trust's existence, and afford protection and continued management of the Settlement Proceeds beyond S.L.'s eighteenth birthday until an age at which she will likely be more mature and better able to handle financial responsibility of significant sums of money.

10. Holding the Settlement Proceeds through a trust also will not affect S.L.'s Medicaid eligibility while she is a minor, a benefit to her and her mother.

11. Deborah Franklin's motion seeks an order by this Court creating a trust for the benefit of S.L. with terms as set forth in the proposed Trust Agreement

attached as redacted Exhibit W to the Motion and unredacted Exhibit Q to the Motion to Seal.

Based on the foregoing, the Court makes the following Conclusions of Law:

1. This Court possesses subject matter jurisdiction over this matter and personal jurisdiction over the parties to this action, and venue is appropriate in this Court.

2. N.C. Gen. Stat § 36C-4-401 states, in part: "A trust may be created by . . . a court by judgment, order, or decree."

3. N.C. Gen. Stat § 36C-4-401.2 states, in part: "A court may create or establish a trust by judgment or decree . . . upon petition of an interested party in accordance with the provisions of this Chapter or in any other matter properly before the court."

4. Deborah Franklin is an interested party as administrator of the Estate, who has a fiduciary duty in protecting the interests of S.L. as an intestate beneficiary of the funds recovered by the Estate. *In re Below's Est.,* 12 N.C. App. 657, 660, 184 S.E.2d 378, 381 (1971); *Olvera v. Edmundson*, No. 1:01CV74-C, 2001 WL 1160351, at *2 (W.D.N.C. Sept. 21, 2001), *citing*, *In Re Ives' Estate,* 248 N.C. 176, 181 (1958)

5. Deborah Franklin's motion has been brought in a matter properly before the Court as part of a motion for approval of a minor settlement. See N.C.G.S. § 28A-13-3(a)(23) and *In re Abrams & Abrams, P.A.,* 605 F.3d 238, 243 (4th Cir. 2010)

6. It is in the best interests of S.L. for the Court to create a Trust for the benefit of S.L. to receive and administer the Settlement Proceeds in the initial amount set out in sealed Exhibit U, and other amounts to be later added according to the structured settlement also approved by the Court.

7. The Trust should be created with the terms set forth in the Trust Agreement that is redacted Exhibit W to Deborah Franklin's Motion to establish the Trust, and unredacted Exhibit Q to the Motion to Seal, which are incorporated herein by reference.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. An Irrevocable Trust hereby is established and created for the benefit of S.L. with terms as set forth in the Trust Agreement that is Exhibit A to Deborah Franklin's Motion to establish the Trust for S.L., which is incorporated herein by reference. The Court has executed an unredacted version of the Trust Agreement, which will be issued under seal contemporaneously with this Order.

2. The Irrevocable Trust shall be funded with the amount set out for S.L. from the Settlement Proceeds in Exhibit U to the Motion to Seal, and such additional amounts as from time to time may be added from the approved structured settlement in accordance with the Trust's terms.

3. The terms of the Trust Agreement established and created by virtue of this Order are binding on the Trust, any and all Trustees of the Trust, any and all beneficiaries or potential beneficiaries of the Trust, and all other parties interested in the Trust's administration.

SO ORDERED.

Signed: August 14, 2023

Graham C. Mullen
United States District Judge